**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 5, 2014**

# In the Court of Appeals of Georgia

A14A0124. McMILLAN v. THE STATE.

BRANCH, Judge.

Leonard McMillan was convicted of trafficking in cocaine based in part on his possession of several baggies of cocaine, as well as a large amount of currency seized at the time of his arrest. At McMillan's trial, the evidence custodian testified and admitted that she had been charged with and pled guilty to three charges of theft by taking U. S. currency from the evidence room, including from the evidence in McMillan's case. Following his conviction, McMillan appeals, and in his sole enumeration of error he contends the trial court erred by admitting the cocaine evidence in light of the custodian's admission to tampering with evidence. We conclude that the trial court did not abuse its discretion by allowing the cocaine into evidence, and we therefore affirm.

Construed in favor of the verdict, the evidence shows that Officer Crews stopped McMillan for speeding and that McMillan was found to have three plastic bags of white powdery substance in his jacket pocket; Crews did not field test the substance. Crews also recovered a "sizable amount" of currency from McMillan's pockets, and Crews and other officers recovered other currency that had been thrown out during the chase that led to the traffic stop. At the scene, Crews turned over the bags of suspected contraband to Officer Middleton from the Garden City Police Department. At the same time, Middleton also took possession of an additional baggie of suspected contraband as well as over $6,000 in currency. Middleton weighed but did not field test the suspected contraband. He then took the evidence to the police department, counted the currency, placed the currency into an evidence bag and sealed it; he also placed the small bags containing the suspected contraband into separate evidence bags, sealed them, and initialed over the seal. Middleton turned the bags over to the evidence custodian, Dee Norris. Norris testified that she placed each bag into a second bag that she sealed and initialed; she eventually delivered the bags to the crime lab. The evidence bags were in Norris's custodial care for at least two and a half weeks.

Al Jelinski, the Criminal Investigation Division Commander for the Garden City Police Department, testified that he witnessed the GBI scientist cut open the bags identified at trial as Exhibits 21 and 22 in order to test the substances contained therein. Jelinski also brought the two exhibits to court. The GBI scientist testified that the bags were intact and sealed at the time that he cut into them to perform the testing and that there were no visual signs of tampering of either the outer or inner evidence bags. At trial, Middleton identified Exhibits 21 and 22 as containing the evidence bags in which he had placed the suspected contraband and then sealed and marked with his initials, which seal had not been broken. The bags were also marked with the case number and McMillan's name.

At McMillan's trial, Norris testified that she pled guilty to taking U. S. currency while working as the evidence custodian for Garden City. She admitted taking the currency out of the currency evidence bags, but she denied ever taking drugs from case files or tampering with any drugs and she specifically denied tampering with either State's Exhibit 21 or 22.[1] She also testified that the process for handling currency was different than the process for handling drugs and other evidence because currency was deposited in a bank account, which Norris was in charge of handling.

---

[1] Norris was charged only with theft of the currency.

She was not caught for years due to a lack of oversight. Because currency confiscated under these circumstances could be returned to the person from whom it was taken if they were acquitted, Norris was asked if she tampered with the drug evidence in order to ensure that the currency would never have to be returned. Norris denied doing so. Norris's supervisor at the time also testified that there was no evidence that Norris tampered with any drugs in any of the case files.

After presentation of the above evidence, McMillan objected to introduction of Exhibits 21 and 22 based on the evidence that Norris had tampered with case files. The trial court overruled the objection.

> To show a chain of custody adequate to preserve the identity of fungible evidence, the State must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence. We review the trial court's decision on the adequacy of the chain-of-custody evidence under an abuse-of-discretion standard.

(Citations, punctuation and footnotes omitted.) *Maldonado v. State*, 268 Ga. App. 691-692 (1) (603 SE2d 58) (2004).

Here, the State presented evidence to show that the evidentiary bags containing suspected contraband that were sealed and initialed by Middleton were not tampered

4

with or cut open until they were opened for the purpose of testing in the GBI lab. The State also presented evidence of the entire chain of custody of those bags from the scene of the traffic stop to trial. Although Norris stole currency, the procedure for handling currency was different from the procedure for other evidence, the currency was contained in separate evidence bags, Norris denied tampering with any drugs, and the investigation into her conduct revealed no evidence of such tampering with drugs. This evidence and the other chain-of-custody evidence cited above shows that the State established with reasonable certainty that Exhibits 21 and 22 contained the substances confiscated from McMillan at the traffic stop and that there was no tampering or substitution. Accordingly, the trial court did not abuse its discretion by admitting Exhibits 21 and 22 over McMillan's objection. See *Mickens v. State*, 318 Ga. App. 601, 602 (734 SE2d 438) (2012) ("When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight.") (footnote omitted).

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*